IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Alejandro R. PALABRICA, II, Attorney at Law.

Supreme Court

*No. 97–2287–D. Filed February 24, 1998.*

(Also reported in 573 N.W.2d 532.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Attorney Alejandro R. Palabrica, II to practice law in Wisconsin be revoked as discipline for professional misconduct.

That misconduct consisted of his misappropriation to his own use of a client's personal injury settlement, his failure to pursue diligently the probate of an estate in which he served as personal representative and to cooperate with the successor attorney after he was removed, his failure to pursue diligently another estate matter and respond to reasonable requests from an heir for information in connection with it, and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of that conduct.

¶ 2. We determine that license revocation is the appropriate discipline to impose for Attorney Palabrica's professional misconduct established in this proceeding. The seriousness of that misconduct, particularly the misappropriation of funds received and held on behalf of a client, warrants the most severe discipline.

¶ 3. Attorney Palabrica was admitted to practice law in Wisconsin in 1990 and practiced in Milwaukee. He currently resides in Los Angeles, California and has asserted that he is not engaged in the practice of law there. By order of October 20, 1997, the court granted the Board's motion for the temporary suspension of his license to practice law pending disposition of the instant proceeding based on the Board's assertion that he had failed to disburse any portion of a $24,000 minor settlement he had obtained in November, 1994, to the minor, but his trust account records revealed that he had made several disbursements of those funds to himself and in other client matters.

¶ 4. Attorney Palabrica did not participate in this proceeding after the filing of his answer. Notwithstanding notice, he did not attend the telephone scheduling conference or respond to the order setting

the matter for default hearing. Following receipt of his answer the day of the hearing, the referee, Joan Kessler, attempted unsuccessfully on seven occasions to contact him at the telephone number set forth on the letter accompanying the answer. The referee deemed that letter a motion to adjourn the disciplinary proceeding to give Attorney Palabrica additional time to respond and a motion objecting to the service of process and found it insufficient on its face, as it made no claim that Attorney Palabrica did not have actual notice of the disciplinary proceeding on or about the time personal service of the Board's complaint was made and there was no showing that he lacked access to his records merely because he resided in California. In the latter respect, the referee noted that they were his own trust account records and were readily obtainable from the financial institution. In addition, copies of those records were available from the Board. Based on the testimony and exhibits presented at the default hearing, the referee made the following findings of fact.

¶ 5. In May, 1994, a client retained Attorney Palabrica to represent her daughter in a personal injury matter. By means of checks written on his trust account between December 30, 1994 and November 30, 1995, Attorney Palabrica appropriated to his own use the entire settlement of that child's claim, $15,577.43 of which belonged to the child. Three additional checks totaling $5975 were written on that account for his fees, despite the fact that Attorney Palabrica already had obtained his agreed upon $8000 fee prior to calculating the client's portion of the settlement when depositing it into the trust account. Also, three checks in the amount of $5750 were written on those funds in that account to a law firm for payment of debts Attorney Palabrica owed as a result of personal litigation

148

against him. The referee concluded that by his handling of the minor settlement proceeds, Attorney Palabrica engaged in conduct that was fraudulent and deceitful, in violation of SCR 20:8.4(c).[1]

¶ 6. In another matter, commencing August, 1994, Attorney Palabrica served as personal representative of an estate until he was removed December 12, 1996 following repeated hearings in probate court on orders to show cause why the estate had not been closed. Thereafter, Attorney Palabrica did not cooperate with the successor attorney, did not return phone calls, and did not turn over the file promptly. Beginning in January, 1996, the Board attempted to obtain a response from Attorney Palabrica to a grievance in this estate matter. He did not reply to several letters and telephone calls and repeatedly failed to attend meetings with the Board's investigator, some of which had been scheduled at his own request. When he did respond and eventually appeared at an investigative meeting in May, 1996, he did not produce documents he had promised to provide, and he failed to appear at several subsequently scheduled interviews.

¶ 7. Attorney Palabrica failed to conclude the probate of another estate from February, 1995 to January, 1997. He did not return several telephone calls from an heir in that estate seeking to learn why the estate had not been closed.

¶ 8. The referee concluded that Attorney Palabrica failed to pursue these two estates diligently,

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit and misrepresentation;

in violation of SCR 20:1.3,[2] and did not respond to clients' reasonable requests for information in one of the estates and in the personal injury matter, in violation of SCR 20:1.4(a).[3] In addition, he repeatedly and persistently failed to cooperate with the Board in its investigation of these three matters, in violation of SCR 22.07(2)[4] and 21.03(4).[5]

¶ 9. As discipline for that misconduct, the referee recommended that Attorney Palabrica's license to

---

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[5] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

practice law in Wisconsin be revoked. The referee recommended further that he be required, as a condition of reinstatement of his license, to make full restitution to the client in the personal injury matter.

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that Attorney Palabrica's misconduct in these matters warrants the recommended license revocation. Moreover, pursuant to SCR 22.28(4)(k),[6] in order to have his license reinstated, he will have to establish that he has made restitution to the personal injury client or provide an explanation why he has not done so. Finally, we require him to pay the costs of this proceeding.

¶ 11. IT IS ORDERED that the license of Alejandro R. Palabrica, II to practice law in Wisconsin is revoked, effective the date of this order.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order, Alejandro R. Palabrica, II pay to the Board of Attorneys Professional Responsibility the costs of this proceeding.

¶ 13. IT IS FURTHER ORDERED that Alejandro R. Palabrica, II comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

[6] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(k) The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.